26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

JUL 1 0 1995

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAROL ARAGON, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-94-420 |
| § | |
| SOCIETAS JESU, et al. § | |
| Defendants. § | |

ORDER

Before the Court is Plaintiff's Objections to Magistrate's Memorandum and Order.[1] (Docket Entry #25). The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Rule 73. After a careful review of Plaintiff's motion and the applicable law, this Court DENIES Plaintiff's motion as set forth below.

This Court issued a Memorandum and Order on June 16, 1995 which, *inter alia*, granted Defendant Catholic Society of Religious and Literary Education, Inc.'s motion for summary judgment. (Docket Entry #24). As discussed in the Memorandum and Order, Plaintiff Carol Aragon's claim is barred by the statute of limitations. Plaintiff, however, reurges her argument that the statute of limitations is tolled because allegedly Defendant fraudulently concealed its negligent supervision of Father Von Meysenbug. The Court disagrees.

---

[1] The Court notes that objections are improper here, where the parties consented to proceed before a magistrate judge for all proceedings. 28 U.S.C. § 636(c)(3); FED. R. CIV. P. 73. However, the Court will review Plaintiff's "objections" as a motion for reconsideration.

1

Assuming *arguendo* Plaintiff's allegations are true, Plaintiff still cannot prevail because she fails to allege any facts which are actionable. As discussed in the Memorandum and Order, even if Defendant was aware that Father Von Meysenbug was a "playboy" or that he questioned his vow of celibacy, this alleged knowledge does not create a fact issue that Defendant knew Father Von Meysenbug had a history of forced sexual activities with women or violent propensities toward women and concealed that fact from Plaintiff.[2] Such allegations, if true, may be indicative of <u>consensual</u> sexual relations, but not forced sexual activities.

The Clerk shall send copies of this Order to the parties.

SIGNED at Houston, Texas this 7th day of July, 1995.

NANCY K. JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[2] Such a fact issue is essential here, where Plaintiff alleges that Defendant failed to supervise Father Von Meysenbug who allegedly was "sexually aggressive" and who "raped" her. (Plaintiff's Complaint, Docket Entry #1).

2